141 So. 727

SEGO v. STATE.

4 Div. 872.

Court of Appeals of Alabama.
April 12, 1932.

Rehearing Denied May 10, 1932.

T. S. Frazer, of Union Springs, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter. She was alleged to have killed one Janie Robinson by cutting her with a knife. Both appellant and deceased were negro women, and they admittedly had a fight in the yard or curtilage of one Jim Wilson, also a negro.

The affair was at night, and the occasion seemed to be a "wood sawing party," an event bringing together a number of the colored people of the community, mostly, as appears, consisting of couples—husbands and wives. The men went to the "woods," near the home of the host, Jim Wilson, and proceeded to "saw wood," while the women disported themselves around, or in, the house, until the return of their "men," at which time the "party" was over.

As the particular "party" here involved was "breaking up," appellant and deceased got into a fight, out in the yard, by the light of only the stars. Each of their husbands was nearby, and, while their wives fought, said husbands took a lick or two at each other, sort of out of sympathy, as it were.

At the conclusion of the fighting, deceased was found to be stabbed, later dying as a result thereof; hence this prosecution. Appellant stoutly denied doing the cutting or stabbing; denied having any knife during the fight, etc. She claimed no "self-defense," and rested her defense upon the aforementioned denial.

In this state of the case, the trial judge charged the jury orally in part as follows: "When she employs the doctrine of self-defense and seeks to bring that to her aid, that's an admission that she struck the blow from which death followed," etc.

Due exception was reserved to the quoted excerpt from the court's said oral charge. We are constrained to, and do, hold that the giving of the quoted portion of the oral charge above was prejudicial error.

It seems to us to, at least by strong intimation, say to the jury, in effect: "Defendant pleads self-defense; by doing so, she admits that she inflicted the fatal wound upon deceased," etc.; the very thing that appellant (defendant) denied. This, to all intents and purposes, as we see it, was in the nature of a charge upon the effect of the evidence, unauthorized, and, in the nature of things, highly prejudicial.

Other questions apparent will not likely arise upon another trial.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.